IN THE UNTIED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

FILED

2016 MAY 24 AM 9: 04

|  |  |  |
|---|---|---|
| | § | |
| LOUIS ROUSSET, | § | **A16CV0611** SS |
| PLAINTIFF, | § | NO: |
| v. | § | Jury |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
| TARGET CORPORATION, and | § | |
| UNITED STATES GOVERNMENT, | § | |
| DEFENDANTS | § | |

**PLAINITFF'S ~~FIRST AMENDED~~ COMPLAINT AGAINST HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY ET, AL,**

COMES NOW LOUIS ROUSSET, the Pro Se plaintiff in the above-styled and numbered cause of action, and hereby complains of defendants, Target Corporation , and Hartford life and accident insurance, and the United States Government, and for cause of action will respectfully show unto the court as follows:

**I. PARTIES**

1. Plaintiff Louis Rousset, an individual who resides in Texas, may be served directly as a Pro- Se counsel, 11802 Hornsby ST. Austin Texas 78753.

2. Defendants, Hartford Life and Accident Insurance Company, 2000 Hope meadow St, Simsbury Connecticut, CT, 06089, 1-800-245-1522

3. Defendants Target Corporation, Health Resources, 1000 Nicollet Mall, TPS-3255,

Minneapolis Minnesota, MN, 55403-2467,

*Not a Defendant sue by*

4.  Defendant, United States ~~Federal~~ Government and their representative Attorney General Loretta E. lynch, U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

## II.   VENUE

5.  Venue lies in the Austin Division of the United States District Court for the Southern District of Texas, as the Austin Division of the Southern District of Texas is the federal judicial division and district in which a substantial part of the events or omissions underlying this cause of action arose, 28 U.S.C. § 1391(e). Furthermore venue is proper in this division and district because this division and district is in the place:

    (1) Target corporation  is alleged to have committed unlawful desperate treatment in the ERISA claims process, to  deny plaintiff  of  LTD benefits;

    (2) Hartford life and accident insurance company is alleged to have committed unlawful desperate treatment in the ERISA claim process,  to deny plaintiff  LTD benefits;

    (3) The federal government is alleged to have violated plaintiff's Due process rights, Fifth Amendment rights to fairness, taking clauses rights,  and civil rights and Ultra Vires in the ERISA claim process through federal court case-law that provides  legal advice to Hartford/Target and all plan sponsors, to unlawfully create loophole clause for "liens" against plaintiff's benefits that are clearly meant to circumvent federal SS statute  §407,  a protected right of the disabled's SSDI, crating desperate treatment by the courts.

## III.   CONDITIONS PRECEDENT

6.  All conditions precedent to the establishment of liability on the part of the Defendants has been performed or has occurred.

## IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.  Plaintiff has exhausted all appeals against Hartford, final appeal denial letter July 25, 2010, SEE exhibit C.  Plaintiff's has submitted his Notice of claim SF-95 on December 15, 2015; plaintiff is filing this cause of action prior to FTCA response because plaintiff is on a statute of limitations that plaintiff must meet in order for his cause of action to be acted by this honorable court.

## V.   PURPOSE OF ERISA JUDICIALLY-STATED GOAL IS PROTECTING AND PROMOTING THE INTERESTS OF PLAN PARTICIPANTS AND BENEFICIARIES; BOGGS V. BOGGS, 520 U.S. 833 (1997).

8.    Target and Hartford are allowed to write the terms in the SPD, (see exhibit A) and Plan document (see exhibit B), under §1022; where the primary purpose of ERISA, protecting and prompting the interests of plaintiff and his family.

9.   Plaintiff will prove the Target SPD and Hartford plan document contractual language does not comport with Boggs, *Supra*; where

10.   The federal courts have a legal duty under §1132(e)(1), to protect plaintiff's interest by requiring the Target SPD and Hartford Plan Documents to "comport" with the four ERISA mandated statues below, §1104(a)(1)(A)(i), §1104(a) (1)(D), and §1104(a)(1), and §514(d) provides that ERISA does not supersede other federal law; where the federal courts have failed to question the legitimacy of these terms, taking the terms as gospel, and further provided legal advice to Hartford/Target plan sponsors through State Decisis case-law, to create "liens" on plaintiff's benefits in order to circumvent SS §407, SEE Hall supra.

11.   Plaintiff has found numerous flagrant non-complaint ERISA clauses in the SPD and Plan Documents that rise to the level of "desperate treatment" in the ERISA claims process when you have the federal judges  providing legal advice to the defendants have used this advice in the SPD and plan  reduce plaintiff's equity property, where;  the Federal Courts failed to; 1) question any of these unlawful legal remedy clauses, and 2) the courts have supported the defendants by illegally allowing non-complaint ERISA clauses, one example is the clause "reduction in benefits from any other sources of income, which is a taking of a portion of plaintiff's equity  property interests, where; "Taking occurs "whenever legislation requires one person to use his or her assets for the benefit of another;" Id., at 223, 106 S. Ct. at 102, SEE; Supreme Court of the United States; June 25, 1998. 524. U.S. 498. 118. S. Ct. 2131. 141. L.Ed.2d 451.

12.   Plaintiffs reading of  ERISA federal case-law has left him with and insurmountable dilemma of suing the federal government; where' 1) Harford/Targets clauses, "reduction in benefits from any other sources of income" is a taking clause" that allows the defendants to take a portion of plaintiff's LTD equity property (Hartford demand letter for SSDI SEE exhibit J ), and  2) the federal courts providing legal advice to Hartford/Target SEE Hall *supra*; and 3) legal clauses that mandate plaintiff's to unlawfully surrender his protected federal and state statutory rights in order to obtain

benefits; and 4) the federal courts case-law allows this taking of equity; where §502(a)(3), by its terms, only allows for equitable relief; Mertens, 719 supra, at 254. 113. S. Ct. 2063, and plaintiff giving up his federal and state privacy statutory rights,  plaintiff can only surmise  the federal courts have committed Ultra Vires, by allowing the defendants  to usurp ERISA minimum standards of conduct in the claims process; and 4) plaintiff limited legal knowledge interpretation of  §502(a)(3), applying it to Hartford/Targets "reduction in benefits  from any other sources of income" terms is not equitable relief, it is "legal relief not permitted under ERISA ; where 5) Hartford/Target "reduction clause" are actually seeking legal relief the imposition of personal liability on respondents for a contractual obligation to pay money where §502(a)(3) does not authorize this action.

13.     Based on the Hartford plan document and Target SPD unlawful taking a portion of plaintiff's LTD equity property, the federal courts case-law have violated plaintiff's due process and civil rights; where Due Process Clause can offer protection against legislation that is unfairly retroactive at least as readily as the Takings Clause might, for as courts have sometimes suggested, a law that is fundamentally unfair because of its retroactivity is a law that is basically arbitrary. See, e.g., Pension Benefit Guaranty Corporation v. R.A. Gray & Co., 467 U.S. 717, 728. 730, 104 S. Ct. 2709, 2717. 2718, 81 L.Ed.2d 601 (1984); id., at 730, 104 S. Ct., at 2718.

## VI.   DELIBERATE SILENCE  BY HARTFORD AND TARGET OMITTING SUBSTANTIAL EVIDENCE TO SUPPORT PLAINTIFF'S CLAIMS FOR FULLY DISABLED IN THE ADMISTRATIVE RECORD IN ORDER TO HIDE THEIR FRAUDULENT ACTIONS TO THE FEDERAL COURTS IN CASE OF LEGAL ACTIONS

14.     Substantial evidence to support plaintiff's claims for fully disabled in accordance with the ERISA and Harford/Target's mandate; where 1) Hartford "hide" plaintiff's first doctors, Dr. Smedley, "Attending physicians statement"  plaintiff was fully disabled from any job, from the administrative Record, where  Hartford granted plaintiff LTD benefits , ( SEE, exhibit L, February 6, 2009, plaintiff does not have first attending physicians statement)  ; and 2) plaintiff sought out  Dr. Ebert's because Dr. Smedley's multiple failed surgeries where plaintiff heel did not fuse back to his foot ,( SEE exhibits H, D and F, 2nd  Neuroma" and exhibit surgery causing permanent nerve damage to plaintiff), and first surgery of cutting off plaintiff's heel, which did not fuse back to plaintiff's foot

unbeknown to plaintiff; where Hartford "hide" these medical complications from the administrative record; and

15. 4) Dr. Ebert's only surgery on plaintiff to reattach his heel to his foot provided Hartford a ( who his this favorable finding from the administrative record), First "attending physicians statement" indicating plaintiff was fully disabled from any job; then 5) after Dr. Ebert's surgery plaintiff informed Dr. Ebert through a letter (where Hartford clauses mandating all medical records), plaintiff was still in constant chronic pain, sitting, standing and walking to the extent plaintiffs asked  Dr. Ebert to cut off his foot, (SEE Exhibit I ); where

16.     Hartford failed to not take into account plaintiffs account of constant chronic pain, denying him a full and fair claims process, see; "Accounts of pain cannot be ignored. Audino v. Raytheon Co. Short Term Disability Plan, 129 Fed. Appx. 882, 885 (5th Cir.2005)"; and

17. 6 ) Harford contacted Dr. Ebert who then filed a second attending physicians statement, with no further medical treatment to plaintiff, stating plaintiff could do sedentary work, which Hartford then "solely" relied on this "conflicting" and "suspect" change of medical opinion (which does reach the minimum required Standards for "Substantial Evidence" claims), where Hartford intentionally and fraudulently "hide" this first favorable opinion  by Dr. Ebert in the claims process, to be unjustly enriched; and  6) plaintiff is demanding that the first attending physician statement by Dr. Ebert to be enforced because Hartford failed to comply §1104(a)(1), " to discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries,"; and  7) Hartford "intentionally" "hide" favorable Social Security finding from the administrative record, ( see exhibit J) that  plaintiff was fully disabled from any job; where "Failure to address a contrary SSA award can suggest "procedural unreasonableness" in a plan administrator's decision; Schexnayder v. Hartford Life and Acc. Ins. Co. United States Court of Appeals, Fifth Circuit. March 12, 2010. 600. F. 3d 465.

18.     Plaintiff has proven beyond "reasonable doubt" he is entitled to all of his LTD Benefits based on "Substantial Evidence Doctrine" that was deliberately hidden from the "administrative records" claims process, SEE: "The question of whether there is substantial evidence must be considered "in the light of all the evidence;" Corry, 499 F. 3d, at 399. A decision is arbitrary if it is "made without a rational connection between the known facts and the decision." Med trust Fin. Servs. Corp. v.

Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir.1999) (quoting Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich., 97 F.3d 822, 828 (5th Cir.1996)); furthermore

19.     Hartford implemented an Unconscionable claims process to deliberately hide "favorable "Substantial Evidence" from the Administrative record so this court would not find out or be able to use this evidence in the event plaintiff sued Hartford; where Harford was maliciously "silent" in the claims process and had a legal duty to speak, see; "when particular circumstances impose on a person a duty to speak, silence can constitute a false representation. World Help v. Leisure Lifestyles, Inc., 977 S.W.2d 662, 670 (Tex. App.-Fort Worth 1998)".

20.     Harford had "one specific purpose in hiding these four favorable "Substantial Evidence" "material facts" from this court and plaintiff out of the administrative record to "hide" their fraudulent deception on their part in case plaintiff filed suit in federal court because Hartford/Target are well aware that, SEE; "An ERISA claimant is confined to the administrative record when appealing her denial of benefits to the courts. Where a claimant is not given a review of the specific reasons for the original termination of her benefits, she is denied her right to a "full and fair review" guaranteed under 29 U.S.C. § 1133. Robinson. 443. F. 3d at 393"; Cooper v. Hewlett-Packard Co.; United States Court of Appeals, Fifth Circuit, December 16, 2009. 592. F. 3d. 645.

21. Furthermore, The administrative records rule violates plaintiff's ERISA Statutes rights, SEE;

   a.  §1104(a)(1)(A)(i), ), that is, "for the exclusive purpose of (i) providing benefits to participants and their beneficiaries.

   b.  §1104(a)(1)(D), in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III.

   c.  §1104(a)(1), Loyalty, requires fiduciaries to discharge their duties with respect to a plan "solely in the interest of the participants and beneficiaries.

   d.  §1104(a)(1)(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

22.     Plaintiff has shown Hartford deliberate hide "substantial evidence" from plaintiff and this court and did not look at all of the evidence as a whole  in order to be unjustly enriched at plaintiff

expense, SEE; "Hartford, as the administrator and insurer of the disability plan, potentially benefits from every denied claim." Schexnayder v. CF Indus. Long Term Disability Plan, 553 F.Supp.2d 658, 663–64 (M.D.La.2008).

### VII. ERISA DE NOVO HEARING PROVIDES THE FEDERAL COURTS "ABSOLUTE DISCRETION" VIOLATES PLAINTIFF DUE PROCESS RIGHTS, FIFTH AMENDMENT RIGHTS TO "FAIRNESS" AND CREATES UNINTENDED CONSEQUENCES

23.     The ERISA mandate that any claims by a plan participant/plaintiff in federal courts under §502(a)(1)(B) provides a federal "DE Novo" forum for plan participants alleging an improper denial of benefits. Plaintiff research has found numerous federal courts exceeding their legal authority under §1132(e)(1),by;  1) unlawfully allowing the "Administrative Records Rule" that plaintiff has proven allows Hartford to hide substantial evidence from the administrative records, in order not to be held accountable in case of court action; 2)  the federal courts providing legal advice to plan Sponsors  to create "liens" on plaintiff's benefits to circumvent Social Security §407,see Hill supra; and 3)  Hartford allowed "absolute discretion to create their own definition of "disability" in violation the ADA definition of disability and in violation of ERISA§514(d); ERISA has provided Hartford/Target and the Federal Courts "Absolute discretion" in the ERISA claims process, which denies plaintiff's his Due Process rights, his fifth amendment rights to "fairness" plaintiff's civil rights, all of these rights are denied plaintiff in the claims process, SEE; "Absolute discretion" to determine actions that violate the city ordinance, it creates an arbitrary restriction on personal liberties of it citizens which violates Due process of law, SEE  City of Chicago v. Morales, 527 U.S. 41, 119 S. Ct. 1849, 144 L. Ed. 2d 67 (1999); also SEE; The fifth circuit has stated: "The first step toward insuring that these expectations are realized is to require adherence to the standards of due process; absolute and uncontrolled discretion invites abuse; Francis v. Fitzpatrick, 129 Conn. 619, 30 A.2d 552, 145 A.L.R. 505; Glicker v. Michigan Liquor Control Commission, 160 F.2d 96 (6th Cir. 1947)"; Hornsby v. Allen, United States Court of Appeals Fifth Circuit January 7, 1964. 326. F.2d 605. Where

24.     ERISA De Novo Hearing and claims process violates plaintiff 5TH amendment rights to fairness, SEE; "The word 'just' in the Fifth Amendment evokes ideas of 'fairness' and 'equity' United States

v. Commodities Trading Corp., 339 U.S. 121, 124, 70 S. Ct. 547, 549, 94 L. Ed. 707; see Monongahela Navigation Co. v. United States, 148 U.S. 312, 324—326, 13 S. Ct. 622, 625—626, 37 L. Ed. 463". Where

25.    ERISA De Novo hearing and the claims process has "Unintended Consequences" creating absurd result that amount to "Desperate Treatment" to plaintiff under ERISA, SEE; "When the plain language of a statute leads to absurd consequences, see, e.g., AT & T, 177 F.3d at 1383 (Plager, J., dissenting) (criticizing majority's application of absurd-results standard as too lenient), or to results not in concert with Congress's policy, see Neptune Mut. Assoc. v. United States, 862 F.2d 1546, 1549 (Fed.Cir.1988), the statute is deemed ambiguous. See Green v. Bock Laundry Mach. Co., 490 U.S. 504, 510—11, 109 S. Ct. 1981, 104. L. Ed.2d 557. (1989)".

26.    For the forgoing reasons Hartford's long history of unlawful ERISA claims violating's have risen to the level of desperate treatment to the disabled/plaintiff; where plaintiff is demanding of this Honorable Court under §1132(e)(1); To mandate Hartford/Target to pay plaintiff all of his LTD benefits until he turns 67 pursuant to the LTD policy, and then;

27.    To banned Hartford as a LTD provider and severely sanction Target for their allowing the buyout of plaintiff's policy, for the irreparable harm Hartford/Target caused plaintiff separate and apart from his LTD benefits.

## VIII.  INTRODUCTION

28.    Plaintiff is an eligible recipient within the meaning of ERISA as a group LTD plan employee of the Target Corporation, who obtained a group Long Term disability policy, and became fully disabled from any job within the meaning of the Target definition of "disability".

29.    Target is employer's governed ERISA statues, by providing Group LTD benefits policies to their employee's/plaintiff an Hartford/Target is engaged in commerce or in an industry or activity affecting commerce.

30.    Without limitation, Defendants' Hartford and Target intentionally interfered with restrained, and denied the exercise of rights provided under ERISA by unlawfully denying plaintiff his claimed rights to LTD benefits, by failing to look at all of the medical evidence as a "whole" before denying plaintiff his  LTD benefits, see section VI.

31.     Without limitation, Defendants Target intentionally interfered with restrained, and denied the exercise of rights provided under ERISA by allowing Hartford to "buyout" plaintiff's LTD policy, creating a conflict of interest where Hartford became the plan administrator and payee, SEE; "[W]hen judges review the lawfulness of benefit denials, they will often take account several different considerations of which a conflict of interest is one;" Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 117, 128 S. Ct. 2343, 171 L.Ed.2d 299 (2008).

32.     Plaintiff is challenging the legality of the Target Summary Plan Description, SPD and the legality of the Hartford plan document, based on ERISA legal requirements, for the plan sponsor/Target's Fiduciary Duties to write terms and conditions based on "equity remedies and clauses" by creating loophole legal remedy clauses disguised as "equity clauses", these actions failed to comply with ERISA equity principals mandate pursuant to 29 U.S.C.A. §1022, §1002(21)(B)(iii), §1104(a) (1)(D) and §1104(a)(1)(B), specifically;

   a.   Absolute discretion to create their own definition of "disability" violating the ADA definition of disability in the process violating ERISA §514(d), SEE; Toyota Motor Mfg., Kentucky, Inc. v. Williams: Supreme Court of the United States January 8, 2002. 534. U.S. 184; and Hartford/Target are unlawfully allowed to "Choosing from which doctors opinion they will use in the claims process" without any medical evidence to support the opinion they choose, creating ambiguity and multiple interpretations, and

33.     Creating unlawful loopholes base on "disgorgement" of plaintiff's LTD benefits, "reduction in benefits from any other sources of income" a legal remedy clause disguised as equity remedy clause, and "mandatory "reimbursement agreement" , which will always occur based on the defendants claims process criteria that imposes insurmountable barriers to recovery of plaintiff's benefits, and

34.     Hartford/Target unlawfully mandating plaintiff unknowingly waive plaintiff's federal and state statutory rights to privacy rights of unrelated medical records, pharmacy, social security, financial and mental records when plaintiff is not filing a mental claim, and HIPPA privacy rights, and plaintiff's federal and state tax returns, all of these waivers require plaintiff to "willfully and knowingly waived his federal and state statutory rights to privacy which are not "acceptable alternatives" pursuant to 29 U.S.C. §1104(a)(1)(B) and §1104(a)(1)(D); and

35. these terms violate federal case-law and ERISA §514(d) provides that ERISA does not supersede other federal law, and must be removed from the SPD and plan documents, SEE;

    a. "Waiver of constitutional or statuary rights in any context must, at the very least, be clear and courts will not be concerned with involuntariness or unintelligence of waiver when the contractual language relied upon does not even, on its face, amount to a waiver", Fuentes v. Shevin Eyeglasses: Supreme Court of the United States. June 12, 1972. 407. U.S. 6792 S. Ct. 1983. 32. L. Ed.2d 556.

36.    Furthermore, the Target SPD and Hartford plan documents demand, Mandatory application and award for SSDI criteria requirements below have unlawfully created loophole clauses that ERISA text does not explicitly allow, when these clauses are not "equity base", and in order for these clauses to have legal effective under ERISA they must first comply with §1104(a)(1) and clearly violate §1104(a)(1)(A)(i) which explicitly states "providing benefits to participants and their beneficiaries"; where

37.    These reduction in benefits from "any other sources of income" clauses and reduce monthly benefits from see (a) from social security benefits explicitly violates §1104(a)(1)(A)(i); because Hartford/Target are unlawfully taking a portion of equity from plaintiff's LTD benefits, and are not "solely in the interest of plan participants and their beneficiaries" violating fiduciary loyalty pursuant to §1104(a)(1); and

38.    Loophole clauses for "liens" against plaintiff's benefits from his SSDI violate Congressional intent pursuant to §407 and §407(a), and violate §514(d) provides that ERISA does not supersede other federal law, and must be removed from the SPD and plan documents, SEE;

    a. We may reduce your monthly benefits by the estimated amounts. Your monthly benefits will not be reduced by the estimated social security benefits if: (contradictory statements" see N says not reduced and S says reduced )

    b. "you apply for social security benefits and pursue all required appeals in accordance with the social security provision; and

    c. "You have signed a form authorizing the social security administration to release all authorized information about awards directly to Us; and

    d. "You have signed and returned our reimbursement agreement, which confirms you agree to pay all over payments.

    e. If we have reduced your monthly by an estimated amounts; and

    f. you are later awarded social security disability benefits, we will adjust your monthly benefits when we receive, proof of the amount awarded;

    g.  The date you refuse Our request that you submit to an examination of a physician Or other qualified medical professional page 10;

39. The constant care of a physician clause is punitive in nature and has not "equity based" principals, where plaintiff's equity is taken because he must pay for constant care of a physician , when all other designated "disabled persons/plaintiff" do not have to be under the constant care of a physician, SEE term: "Constant care of a qualified Physicians".

40. In addition, When the plain language of a statute §1022 and §1022 (a)  and §1002(21)(B)(iii), leads to absurd consequences, as in the case at hand based on the above Harford/Target contractual language criteria; either Hartford/Target have used specific intent to violated these ERISA  statutes; Or  these statutes create ambiguity leading to absurd consequences that allows the defendants to unlawfully create criteria that will always lead to insurmountable barriers to recovery of benefits, see, e.g., AT & T, 177 F.3d at 1383 (Plager, J., dissenting) (criticizing majority's application of absurd-results standard as too lenient), or to results not in concert with Congress's policy, see Neptune Mut. Assoc. v. United States, 862 F.2d 1546, 1549 (Fed.Cir.1988), the statute is deemed ambiguous. See Green v. Bock Laundry Mach. Co., 490 U.S. 504, 510–11, 109 S. Ct. 1981, 104. L. Ed. 2d. 557. (1989).

41. Plaintiff has proven that Hartford/Target committed fraud and fiduciary fraud by being silent in the claims process, when they had a duty to speak and has all of these relevant medical data through their contractual  mandate,  when both defendant's  had a duty to speak, and examine all material medical facts as a whole, specifically; Dr. Ebert's two conflicting physicians statements the first in favor of plaintiff and after talking with Hartford changed his opinion with no further medical treatments and  plaintiff's first Dr. Smedley's "attending physicians statement" stated plaintiff was fully disabled from any job,  and Dr. Smedley performed a second unnecessary "Neuroma" surgery created permanent nerve entrapment, Bone and soft tissue infection, Scaring and adhesions, Tingling, Burning and Complex regional pain syndrome, which were all possible complications Hartford failed to consider, SEE;

    a.  "When particular circumstances impose on a person a duty to speak, silence can constitute a false representation. World Help v. Leisure Lifestyles, Inc., 977 S.W.2d 662, 670 (Tex. App.-Fort Worth 1998)".

42.     Hartford/Target's claims process criteria acted with willful knowledge that a "certainty" would result (denial of claims) through insurmountable term criteria creating barriers to recovery of benefits, violating plaintiff' civil rights, due process rights and §1104(a)(1)(B), SEE;

    a.   "[A] defendant who acts with knowledge that a result will follow is considered to intend the result." Ernst & Young, L.L.P. v. Pacific Mutual Life Ins. Co., 51 S.W.3d 573, 578–80 (Tex.2001); In re Enron Corporation Securities, Derivative & "ERISA" Litigation: United States District Court, S.D. Texas, Houston Division. August 24, 2007 540 F.Supp.2d 759.

43. Furthermore, The Defendant abused their discretion in discounting the subjective evidence of Plaintiff's pain and the objective evidence corroborating plaintiff's proof of disability, see, Schexnayder v. CF Industries Long Term Disability Plan for its Employees; United States District. Court. M. D. Louisiana. April 2, 2008. 553. F. Supp. 2d. 658.

44. Hartford/Target's claims process criteria is unlawfully discriminatory, ( see numbers 7-16, to prove discrimination) and interferes and intentionally discriminates against plaintiff's ERISA rights in the claims process pursuant to §1140, SEE;

    a.   ERISA right and preventing an employee from attaining benefits to which he would become entitled under a pension benefit plan. 29 U.S.C. § 1140; Stafford v. True Temper Sports, 123 F.3d 291, 295 (5th Cir.1997); Clark v. Resistoflex Co., 854 F.2d 762, 770 (5th Cir.1988). To recover under section 510, the plaintiff must make a prima facie showing of the following: (1) adverse employer action (2) taken for the purpose of interfering with the attainment of (3) any right to which the employee is entitled. Bodine v. Employers Cas. Co., 352 F.3d 245, 250 (5th Cir.2003)".

45.     Without limitation, Target corporation has intentionally interfered with, restrained, violated their fiduciary duty to plaintiff by allowing Hartford to buyout plaintiff's LTD, this unlawful action by Target created a conflict of interest, where Hartford became the plan administrator and plan Payee, that "directly" denied plaintiff hid LTD benefits causing plaintiff irreparable harm and injury; where Target violated their fiduciary duties of loyalty to plaintiff and congressional intent pursuant to29 U.S.C. § 1104(a)(1) Loyalty and this Hartford buyout was not solely in the interest of plaintiff and his beneficiaries violating   §1104(a)(1)(B), and violated their fiduciary duties under §502(a),Congress sought to protect plan participants and enhance enforcement of ERISA's standards.

46.     Target is well aware of Harford's Bad faith conduct in deny ERISA claims as administrator and payee, and should be held accountable SEE: "Hartford, as the administrator and insurer of the

disability plan, potentially benefits from every denied claim." Schexnayder v. CF Indus. Long Term Disability Plan, 553 F.Supp.2d 658, 663–64 (M.D.La.2008)".

47.    Plaintiff is seeking §1132 civil enforcement against Target corporation violating their fiduciary duties to plaintiff where the federal courts had exclusive jurisdiction over claims to enforce fiduciary obligations under ERISA, see; Kramer v. Smith Barney, C.A.5 (Tex.) 1996, 80 F.3d 1080.

## IX.    NON-ERISA-FEDERAL VIOLATES CLAIMS AGAINST HARTFORD AND TARGET'S SPECIFIC INTENT TO VIOLATE 42 U.S.C.A §1981(b) AND §1985(3)

48.    Without limitation, Defendants' Hartford and Target intentionally interfered with restrain, and denied the exercise of rights provided under  42 U.S.C.A. §1981(b), by unlawfully denying plaintiff his claimed rights to LTD benefits, denying plaintiff the right to make and enforce his contract rights under ERISA where §514(d) does not supersede other federal laws, see ERISA

49.    Without limitation, Hartford/Target have intentionally interfered with, restrained, and conspired to interfere with plaintiff's civil rights  in violation of  §1985(2), through claims process criteria listed above that will always amount to insurmountable barriers to recovery of plaintiff's benefits.

50.    Without limitation, Hartford/Target have intentionally interfered with, restrained, and conspired to interfere with plaintiff's civil rights in violation of U.S.C.A. §1343(3), through unlawful criteria requirements in the claims process, that will always result in, 1) overpayment and/or 2) reduction in benefits from other sources of income and 3) insurmountable barriers to recovery of plaintiff's LTD benefits, violating plaintiffs civil rights under §1343(3),( see numbers 7-16 claims); where

51.    Plaintiff is seeking a "trial by jury" for plaintiff's civil rights violations in the ERISA claims process where Hartford/Target violations under  §1343(3), §1981(b), §1985(2),  and §1343(4), is money-mandating, SEE " to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights".

## X.    PLAINTIFF'S ERISA CLAIMS AGAINST THE FEDERAL GOVERNMENT

52.    The federal courts are courts of limited jurisdiction under ERISA §1132(e)(1), and must comply with §514(d), in the ERISA claims process and have failed to do so,  by taking

Hartford/Target rights under §1022 as gospel; where just because Hartford/Target are allowed to write the terms of the SPD and plan documents, does not mean these clauses are legal and proper equity clauses where plaintiff has proven these clauses do not comport with ERISA §1104(a)(1)(B) and §1104(a)(1)(D).

53.    The federal courts failure to question the legality of Hartford/Target terms see numbers 7-19 claims, have exceeded their legal authority by allowed the defendants to create an ERISA policy for non-employment desperate treatment in the ERISA claims process, SEE: Crowder v. Kitagawa clearly establishes that a public entity's policies, practices, and procedures that have a disparate impact on the disabled are in violation of the ADA; yet the defendants are well aware they cannot be charged under the ADA as private actors.

54.    Furthermore based on above claims (see numbers 7-19 claims) the courts allowing Hartford/Target unlawful privacy records mandates terms, and unlawful "reduction in benefits from any other sources of income" and provided "legal advice" see, "Hall v. Liberty Life Assur. Co. Of Boston"; the courts have violated 28 U.S.C.A. §454 and §514(d), committing Ultra Vares in the ERISA claims process and are not protected by sovereign Immunity, SEE;

a.    (1) The officer's powers are limited by statute and he acts in excess of that authority or (2) the officer acts in an unconstitutional manner or pursuant to an unconstitutional grant of authority. Dugan v. Rank, supra, 372 U.S. at 621—22, 83 S. Ct. at 1007, 10 L.Ed.2d at 24; Malone v. Bowdoin, supra, 369 U.S. at 647, 82 S. Ct. at 983, 8 L.Ed.2d at 171; Larson v. Domestic & Foreign Commerce Corp., supra, 337 U.S. at 701—02, 69 S .Ct. at 1467, 93 L. Ed. at 1642; also SEE;

b.    "The ultra vires exception to sovereign immunity provides that "where the officer's powers are limited by statute, his actions beyond those limitations are considered individual and not sovereign actions," or "ultra vires his authority," and thus not protected by sovereign immunity. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 689, 69 S. Ct. 1457, 93 L. Ed. 1628 (1949)"; Defense Distributed v. U.S. Dept. of State; United States District Court, W.D. Texas, Austin Division. August 4, 2015. 121. F.Supp.3d 680.

55.    The Federal Courts policy under ERISA has shown deliberate indifference in the ERISA claims process, which was the moving force behind plaintiff's injury and irreparable harm suffered, violating plaintiff's federally protected civil rights to an untainted, un-desperate treatment, full and fair claims process, SEE; Eugene v. Alief Indep. Sch. Dist., 65 F.3d 1299, 1305 (5th Cir.1995), cert.

denied, 517 U.S. 1191, 116 S. Ct. 1680, 134 L.Ed.2d 782 (1996); Webster v. City of Houston, 735
F.2d 838, 841 (5th Cir.1984);

56.    Furthermore, the court allowing Hartford/Target criteria requirements terms already mentioned,
have denied plaintiff his 5TH amendment rights to fairness and equity in the ERISA claims process,
and must be held accountable, SEE; The word 'just' in the Fifth Amendment evokes ideas of
'fairness' and 'equity' United States v. Commodities Trading Corp., 339 U.S. 121, 124, 70 S. Ct.
547, 549, 94 L. Ed. 707; see Monongahela Navigation Co. v. United States, 148 U.S. 312, 324—
326, 13 S. Ct. 622, 625—626, 37 L. Ed. 463".

57.    Without limitation, the Federal government intentionally interfered with restrain, and denied the
exercise of rights provided under the Patient Safety Act and federal case-law, violating plaintiff's
Due Process rights, where plaintiff has a relationship with the government under "Patient Safety
Act" statute,  in regard to plaintiff's safety in a medical procedure where the federal government
failed to protect plaintiff in his multiple medical procedures, SEE;  "to insure maximum safety for
the patient" in a medical surgical procedure, Roe v. wade, 410 U.S, at 150, 93 S. Ct, at 725.

58. Without limitation, the Federal government intentionally interfered with restrain, and denied plaintiff
Due Process rights with his doctors, when all of plaintiff doctor's mandated plaintiff to sign a waiver
of all liability Also SEE; Cruzan v. Director, Missouri Dept. of Health: Supreme Court of the United
States. June 25, 1990. 497. U.S. 261.110 S. Ct. 284.1111. L. Ed. 2d 224.


## XI.    JURISDICTION

59.  This Honorable Court possesses federal question jurisdiction over the instant cause of action
pursuant to Title 28 U.S.C. § 1331, and jurisdiction under ERISA pursuant to §1132(e)(1), for an
improper denial of benefits claims against Hartford/Target and for the civil action pursuant to
§502(a)(3),where plaintiff has exhausted all administrative remedies;  and this court possess federal
jurisdiction for plaintiff's ERISA and non-ERISA claims and civil rights claims pursuant to 28
U.S.C.A. §1343(3), §1343(4)  and  42 U.S.C. 1988(a).

60.  This Court possesses federal question jurisdiction over the instant cause of action pursuant to Title
28 U.S.C. § 1331, 28 U.S.C.A. § 1346(b)(1) for plaintiffs' claims against the federal government
violating plaintiffs' 5Th amendment rights, civil rights, and due process rights in the ERISA claims
process.

61. This Honorable Court possesses federal question jurisdiction over the instant cause of action pursuant to Title 28 U.S.C. § 1331, for Hartford/Target denying plaintiff the rights under 42 U.S.C.A. §1981(b), to make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

62. This honorable court possess federal jurisdiction question for both defendants violating their fiduciary duties to plaintiff pursuant to; "§1132 civil enforcement under ERISA federal courts had exclusive jurisdiction over claims to enforce fiduciary obligations under ERISA, see; Kramer v. Smith Barney, C.A.5 (Tex.) 1996, 80 F.3d 1080".

63. This Court possesses federal question jurisdiction over the instant cause of action for plaintiff claims against Target Corporation and Hartford Life and Accident Insurance Company pursuant to 29 U.S.C. §502(a)(1)(B) for an improper denial of benefits claims to recover the benefits owed to plaintiff for breach of fiduciary duty claim under §502(a)(1)(B ) and §502(a)(3) and §1104(a)(1)(B) and§1104(a) (1)(D) for irreparable harm caused by both defendants separate and apart from plaintiffs' §502(a)(1)(B), where the Target SPD and Harford plan document contractual language does not comport with §1104(a)(1)(B) and§1104(a) (1)(D) , and contractual language that Interferes with plaintiff's protected rights pursuant to §1140.

64. This Court possesses federal question jurisdiction over the instant cause of action pursuant to Title 28 U.S.C. § 1331, 28 U.S.C.A. § 1346(b)(1) for plaintiffs' claims against the federal government violating plaintiffs' 5TH amendment rights to fairness in the claims process, Ultra Vires claims, and violating plaintiff's civil rights and due process rights in the ERISA claims process; where plaintiff is seeking injunctive relief and money damages, from the U.S, government for the federal judges practicing law through ERISA Stare Decisis case-law, providing Hartford/Target a guideline to circumvent SS §407 which prohibits liens, SEE;

a. "Hall v. Liberty Life Assur. Co. Of Boston, 595 F.3d 270, 274 -275 (6th Cir. 2010) (holding that section 407 prohibits liens directly on social security benefits; lien must be imposed instead on "the overpayments themselves".)

65.     This honorable court possess federal jurisdiction question pursuant to 28 U.S.C.A. §1343(3) for plaintiff's claims under 42 U.S.C.A §1981(b) by the defendants denying plaintiff the right to make and enforce his ERISA contract and Hartford/Target Conspiring to interfere with plaintiff's civil

rights through unlawful claims process criteria in the ERISA claims process pursuant to §1985(3); as well as "Title VI Section §602 and Section §603 of the Civil Rights Act of 1964.

66. This honorable court possess federal jurisdiction question pursuant to 28 U.S.C.A. §1132(e)(1), for Target corporation violating their fiduciary duties to plaintiff; and plaintiff is seeking §1132 civil enforcement against Target corporation; where the federal courts had exclusive jurisdiction over claims to enforce fiduciary obligations under ERISA, see; Kramer v. Smith Barney, C.A.5 (Tex.) 1996, 80 F.3d 1080.

67. Plaintiff is entitled to relief sought against Hartford/Target pursuant to 42 U.S.C.A §1981(b) for equitable remedies are available for disparate impact violations by Hartford/Target in the ERISA claims process, compensatory damages for intentional disparate treatment; and punitive damages for intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual, § 1981(a)(b)(1)".

68. This Honorable Court possesses federal question jurisdiction over the instant cause of action pursuant to Title 28 U.S.C. § 1331, for Hartford/Target denying plaintiff the rights under 42 U.S.C.A. §1981(b), to make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

69. Plaintiff is entitled to relief sought against Hartford/Target denying plaintiff the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship pursuant to 42 U.S.C.A §1981(b), SEE; " now protects the equal right of "[a]ll persons" to "make and enforce contracts" without respect to race, see; Domino's Pizza, Inc. v. McDonald: Supreme Court of the United States, February 22, 2006. 546. U.S. 470. 126. S. Ct. 1246. 163. L.Ed.2d 1069; where the Seventh Circuit wrote that, under Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-35 (1989), § 1981 itself provides a remedy for violations committed by private actors.

70. Plaintiff is entitled to relief sought against Hartford/Target violating plaintiff's civil rights in the ERISA claims process pursuant to §1343(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

38. Plaintiff is entitled to relief sought for Hartford/Target violating plaintiff's civil rights pursuant to Title 42 U.S.C. § 1985, part of the Civil Rights Act of 1871, creates a private civil remedy for

three prohibited forms of conspiracy to interfere with civil rights under that section." Montoya v.
FedEx Ground Package Sys., Inc., 614. F. 3d. 145, 149. (5th Cir.2010).

71. Plaintiff is entitled to relief sought against Hartford/Target pursuant to §502(a)(1)(B) Gives plaintiff
the right to bring action "to recover benefits due him under the terms of his plan, to enforce his rights
under the terms of the plan, or to clarify his rights to future benefits under the terms of a plan.

72. Plaintiff is entitled to relief sought against Target violating their fiduciary duties to plaintiff pursuant
§1132 civil enforcement against Target corporation; where the federal courts had exclusive
jurisdiction over claims to enforce fiduciary obligations under ERISA, see; Kramer v. Smith Barney,
C.A.5 (Tex.) 1996, 80 F.3d 1080.

73. Plaintiff is entitled to relief sought against Hartford/Target pursuant §502(a)(1)(B):Gives plan
beneficiary right to bring action "to recover benefits due him under the terms of his plan, to enforce
his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of a
plan.

74. Plaintiff is entitled to relief sought against Hartford/Target pursuant to § 502(a)(3), which gives
plaintiff a right to "appropriate equitable relief to redress the harm that this deception had caused
them individually, separate and apart from §502(a)(1)(B).

75. Plaintiff is entitled to relief sought against Hartford/Target for an improper denial of benefits claims
to recover the benefits owed to plaintiff for breach of fiduciary duty claim under §502(a)(1)(B ) and
§502(a)(3) and/or §1104(a)(1)(B) and§1104(a)(1)(D) for irreparable harm caused by both defendants
separate and apart from plaintiffs' §502(a)(1)(B).

76. Plaintiff is entitled to relief sought pursuant to §502(a)(3) and/or 1132(a)(2) challenging the
Hartford plan document and Target SPD pursuant to §502(a)(3) for breach of fiduciary duty and for
violations of ERISA minimum standards of conduct by exceeding their authority for social security
mandates and illegal mandates to have plaintiff unknowingly waive his federal and state statutory
and constitutional rights to privacy of his records in violation of §514(d), SEE;

   a. "Claims under section 1132(a)(2) must be brought against the plan itself," Prudential., 2005 WL
      2669550, at *1 (citing Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142, 105 S. Ct. 3085,
      87 L.Ed.2d 96 (1985)).

77. Plaintiff is entitled to relief sought against the federal government denying plaintiff's contract rights
with Hartford/Target in the ERISA claims process pursuant to 42 U.S.C.A §1981(b), where the

claims process criteria requirements denies plaintiff the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

78. Plaintiff is demanding relief sought against the federal government allowing Harford/Target to violative plaintiffs rights under §1981(b), for equitable remedies are available for disparate impact violations by Hartford/Target in the ERISA claims process, compensatory damages for intentional disparate treatment; and punitive damages for intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual, § 1981(a)(b)(1)".

79. Plaintiff is demanding relief sought against Hartford/Target violating plaintiff's right to making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship under §1981(b), where The Seventh Circuit wrote that, under Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 731-35 (1989), § 1981 itself provides a remedy for violations committed by private actors.

80. Plaintiff is demanding  relief sought against Hartford/Target violating plaintiff's civil rights in the ERISA claims process pursuant to §1343(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

81. Plaintiff is demanding  relief sought against Hartford/Target pursuant to §502(a)(1)(B) Gives plaintiff the right to bring action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of a plan.

82. Plaintiff is demanding relief sought against Target violating their fiduciary duties to plaintiff pursuant §1132 civil enforcement against Target corporation; where the  federal courts had exclusive jurisdiction over claims to enforce fiduciary obligations under ERISA, see; Kramer v. Smith Barney, C.A.5 (Tex.) 1996, 80 F.3d 1080.

83. Plaintiff is demanding relief sought against Hartford/Target pursuant §502(a)(1)(B):Gives plan beneficiary right to bring action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of a plan.

84. Plaintiff is demanding relief sought against Hartford/Target pursuant to § 502(a)(3), which  gives plaintiff  a right to "appropriate equitable relief to redress  the harm that fraudulent deception  had caused plaintiff  individually, separate and apart from §502(a)(1)(B).

85. Plaintiff is demanding relief sought against Hartford/Target for an improper denial of benefits claims to recover the benefits owed to plaintiff for breach of fiduciary duty claim under §502(a)(1)(B ) and §502(a)(3) and/or §1104(a)(1)(B) and§1104(a)(1)(D) for irreparable harm caused by both defendants separate and apart from plaintiffs' §502(a)(1)(B).

86. Plaintiff is demanding relief sought pursuant to §502(a)(3) and/or 1132(a)(2)  challenging the Hartford plan document and Target SPD  pursuant to §502(a)(3) for breach of fiduciary duty and for violations of ERISA minimum standards of conduct by exceeding their authority for social security mandates and illegal mandates to have plaintiff unknowingly waive his federal and state statutory rights to privacy.

87. Plaintiff is demanding  relief sought against the federal government denying plaintiff's contract rights with Hartford/Target in the ERISA claims process  pursuant to 42 U.S.C.A §1981(b), where the claims process criteria requirements denies plaintiff  the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

88. Plaintiff is demanding  to relief sought against the federal government denying plaintiff's contract rights with Hartford/Target in the ERISA claims process  pursuant to 42

89. Plaintiff is demanding relief sought against Hartford/Target pursuant to §502(a)(1)(B):Gives plan beneficiary right to bring action "to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of a plan.

90. Plaintiff is demanding relief sought pursuant to pursuant to § 502(a)(3), which  gives plaintiff  a right to "appropriate equitable relief to redress  the harm that this Hartford/Target's silence, rating fraud and fiduciary fraud; where this deception had caused plaintiff's  individually, separate and apart from §502(a)(1)(B).

91. Plaintiff is demanding relief sought pursuant 502(a)(1)(B) and §502(a)(3) and/or §1104(a)(1)(B) and§1104(a)(1)(D) for irreparable harm caused by both defendants  separate and apart from plaintiffs'  §502(a)(1)(B).for  Hartford/Target's for breach of fiduciary duty in the claims process.

92. Plaintiff is demanding relief sought against Hartford/Target  pursuant to Title 42 U.S.C. § 1985, part of the Civil Rights Act of 1871, creates a private civil remedy for three prohibited forms of conspiracy to interfere with civil rights under that section." Montoya v. FedEx Ground Package Sys., Inc., 614. F. 3d. 145, 149. (5th Cir.2010, against Hartford and Target violating plaintiff's civil rights

in the claims; where the remedy afforded by Congress under § 502(a)(1)(B) is otherwise shown to be inadequate.

93. Plaintiff is demanding relief sought against Hartford/Target violating plaintiff's civil rights in the ERISA claims process pursuant to §1343(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

94. Plaintiff is demanding relief sought for a jury trial against Hartford/Target violating plaintiff's civil rights in the ERISA claims process pursuant to §1343(4).

95. Plaintiff is demanding relief sought for equitable remedies are available for disparate impact violations; compensatory damages for intentional disparate treatment; and punitive damages for intentional discrimination "with malice or with reckless indifference to the federally protected rights of an aggrieved individual; § 1981(a)(b)(1)".

## XII.   DAMAGES APART FROM ERISA CLAIMS DAMAGES AGAINST HARTFORD AND TARGET AND THE FEDERAL GOVERNMENT

96.     Plaintiff is will be seeking unspecified damages apart from his claims for reinstatement of full benefits after the defendants reposes to plaintiff's claims; where plaintiff is entitled to relief pursuant ERISA § 502(a)(3) gave plaintiff a right to "appropriate equitable relief to redress" the harm that this deception has caused plaintiff individually, separate and apart from §502(a)(1)(B)., specifically for; Plaintiff was denied by Harford/Target, the "integrity of his family unit" to bare a second child, loss of land sold that has tripled in value, loss of retirement savings, loss of education fund for his child, loss of the use of his 1970 charger, loss of the use of two motorcycles, and loss of 1994 Kenner boat, loss of a new vehicle, loss of benefits due him by Hartford reducing his benefits from his SSDI, and the limited loss of his SSDI that must pay for prescriptions that he never took before that are extremely expensive, Lyrica 300 mg per day (when plaintiff hits the donut hole he must pay $320 per month for Lyrica), lidocaine 5% ointment,(when plaintiff hits his donut hole for lidocaine he must pay $525 per month), pain management and 4 other medical surgeries he has sustained; and these irrevocable injuries/losses that are "separate and distinct" from the denial of LTD benefits; where plaintiff financial destitution cause by the defendants, denied plaintiff his federal rights to a second child to his wife, sibling to his son, which can never be repaired or replaced due to plaintiff's age, SEE;

97.  "The Court has frequently emphasized the importance of the family. The rights to conceive and to raise one's children have been deemed 'essential,' Meyer v. Nebraska, 262 U.S. 390, 399, 43 S. Ct. 625, 626, 67 L. Ed. 1042 (1923), 'basic civil rights of man,' Skinner v. Oklahoma, 316 U.S. 535, 541, 62 S. Ct. 1110, 1113, 86 L. Ed. 1655 (1942), and '(r)ights far more precious . . . than property rights,' May v. Anderson, 345 U.S. 528, 533, 73 S. Ct. 840, 843, 97 L. Ed. 1221 (1953)".

## XIII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, the plaintiff prays that the defendants be summoned to answer and appear herein, and that, upon due consideration and a hearing had or trail, this Honorable Court enter judgment as follow: damages from all for defendants in equity and damages in equity separate and apart from plaintiff's LTD benefits, and legal damages for all of the defendants violating plaintiff's, due process rights and fifth amendment rights and civil rights and violating plaintiff's rights under the taking clause in the ERISA claims process, and disgorgement and unjust enrichment against Hartford/Target.

Plaintiff would hope this court would reinstate his full LTD benefits so plaintiff could go to John Hopkins doctors, where plaintiff's research has found John Hopkins will combine doctor's treatment to their patients collaboratively, so plaintiff can see a foot doctor nerve doctor and pain management doctor, who speak with each other to help cure plaintiff which plaintiff has tried and been unable to have his Texas doctors collaboratively find a cure to heal plaintiff.  Where plaintiff's Texas doctors have abandoned him after each surgery and plaintiffs only desire is to get back to work and be a product member of society as he was working 90 hours weeks before his surgeries. The plaintiff prays also for such other and further relief, general and specific, at law and in equity, to which he is justly entitled.

Dated: ~~December, 16, 2015~~ MAy 24, 2016 L.R.

Sent by process server                                                BY: _Lou Rousset_

To: Hartford Life and Accident Insurance Company                      Louis Rousset

2000 Hope meadow St, Simsbury Connecticut, CT, 06089, 1-800-245-1522  Pro SE Counsel

Sent by process server                                                11802 Hornsby St
TO: Target Inc., Health Resources, 1000 Nicollet Mall, TPS-3255,      Austin Texas 78753
Minneapolis Minnesota, MN, 55403-2467                                 512-833-9360

Sent by process server

TO: United States Federal Government and their respondent  Attorney General Loretta E. lynch, U.S. Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

Sent by process server

TO: United States  Attorney Richard L. Durbin, Jr. U.S. Attorney's Office 816 Congress Avenue, Suite 1000 Austin, Texas 78701.

## CERTIFICATE OF SERVICE

I, Louis Rousset, hereby certify that on ~~December 16, 2015~~ *May 24, 2016 R.* a true and correct copy of the foregoing

cause of action was served by U.S. Postal certified mail upon the defendants:

TO:  Defendants, Hartford Life and Accident Insurance Company,

2000 Hope meadow Street

Simsbury Connecticut, CT, 06089, 1-800-245-1522

Sent by process server

TO: Defendants Target Inc, Health Resources, 1000 Nicollet Mall, TPS-3255,

Minneapolis Minnesota, MN, 55403-2467,

Sent by process server

TO: United States  Attorney Richard L. Durbin, Jr. U.S. Attorney's Office 816 Congress Avenue, Suite 1000 Austin, Texas 78701.

Sent by process server

TO: Defendant, United States Federal Government and Attorney General Loretta E. lynch, U.S.

Department of Justice, 950 Pennsylvania Avenue, NW Washington, DC 20530-0001.

Sent by: hand delivered to U.S. District Court, Austin Division, on ~~December 16, 2015~~ *May 24, 2016 R.*

Louis Rousset PRO-SE Counsel

Louis Rousset

11802 Hornsby ST.

Austin Texas, 78753

512-833-9360